

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2008

# Said v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Said v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1510.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1510

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3342

MICHEL HABIL TAWFIK SAID,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Annie Garcy
(No. A95-831-837)

Submitted Under Third Circuit LAR 34.1(a)
February 7, 2008

Before: MCKEE and AMBRO, <u>Circuit Judges</u>,
and TUCKER,<sup>*</sup> <u>District Judge</u>

(Filed: February 28, 2008)

OPINION

---

<sup>*</sup>Honorable Petrese B. Tucker, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Michel Habil Tawfik Said, a native and citizen of Egypt, petitions for review of the affirmance by the Board of Immigration Appeal ("BIA") of an order denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] He argues that the BIA and immigration judge ("IJ") who heard his case erred by making an incorrect adverse credibility finding, failing to consider corroborating evidence, incorrectly analyzing his CAT claim, and denying him due process. For the reasons set forth below, we affirm.

I

As we write for the parties principally, our reference to facts is truncated. Said arrived in the United States in July 1999. He subsequently received a student visa, extending his legal stay in the United States until November 2001. The Department of Homeland Security served Said with notice to appear in April 2003, thus beginning removal proceedings.

Said conceded removability at a hearing before the IJ but applied for asylum, withholding of removal, and relief under the CAT on the basis that he is a Coptic Christian who has been persecuted by Egyptian authorities because of his involvement in groups that seek to enhance the welfare of that religious minority. The IJ denied the

_____

[1]The IJ reached an interlocutory decision denying Said asylum. The IJ incorporated her interlocutory decision into her later decision denying withholding of removal and relief under the CAT.

2

requested relief but granted Said voluntary departure.

Said appealed to the BIA, which affirmed the opinion of the IJ in June 2006. Said timely petitions our Court for review.

II

The BIA had jurisdiction over Said's appeal under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). We generally review the decision of the BIA, but where, as here, the opinion of the IJ effectively becomes that of the BIA, we review the IJ's decision. *Ashcroft v. Abdulai*, 239 F.3d 542, 549 n.2 (3d Cir. 2001). We review adverse credibility determinations for substantial evidence. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). "Under this deferential standard of review, we must uphold the credibility determination of the BIA or IJ unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). However, we may reverse a credibility determination if it is not grounded in the record. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

III

The IJ found Said non-credible for several reasons. First, she noted the apparent amplification over time of his testimony regarding his 1989 arrest, observing that his hearing testimony described physical abuse that he had not mentioned in previous interviews. The IJ emphasized that she gave Said many opportunities to explain his

3

failure to describe this abuse in earlier interviews but that he provided inadequate explanations. Despite assurances to the contrary by the IJ, Said ultimately stated that descriptions of such physical abuse could be found in his earlier applications.

Second, the IJ pointed out that although Said testified at the hearing that police called upon him "all the time," he did not make similar assertions in his asylum application. The IJ observed that the asylum application indicates that the police ceased harassing him in 1989, whereas he testified at the hearing that he was questioned repeatedly between 1990 and 1999.

Third, the IJ cited Said's failure to testify consistently regarding the length of detention resulting from his arrests by the Egyptian police.

Fourth, the IJ noted that Said had not stated in his asylum application, as he did in hearing testimony, that the police had interrogated, beaten, and threatened him, telling him that Egypt was a Muslim country.

Finally, the IJ explained that Said's testimony conflicted with State Department reports on Egypt. Those reports indicate that no pattern or practice of persecution against Coptic Christians exists in Egypt.

These discrepancies left the IJ "perplexed about what the facts are in this case . . . [and] wondering whether [Said] had been arrested as described." A reasonable adjudicator could have evaluated the record in this fashion. Accordingly, we affirm the adverse credibility finding as to his testimony that it is more likely than not that he would

4

be persecuted in Egypt on the basis of his religion. The inconsistencies in Said's testimony equally undermine his assertions that he is more likely than not to be subjected to torture upon removal to Egypt.

Said also argues that the IJ erred by failing to consider his corroborating evidence regarding conditions in Egypt. This argument amounts to the claim that the IJ should have given more weight to Said's evidence and less weight to the State Department reports. It fails because a reasonable adjudicator could have weighed the evidence in the manner the IJ did in this case.

We are unpersuaded by Said's argument that the IJ failed to keep separate her analysis of Said's application for withholding of removal and relief under the CAT. He ignores the IJ's statement that she "considered very carefully the respondent's testimony because the nature of a Convention claim is so different." The IJ reasonably concluded, however, that a claim under the CAT fails as readily as a claim for withholding of removal if a petitioner does not convince the presiding IJ "of the truth of his factual claims."

Finally, we reject Said's due process argument because he failed to raise it before the BIA. 8 U.S.C. § 1252(d)(1) requires the exhaustion of administrative remedies, barring us from considering "particular questions not raised in an appeal to the Board." *Zheng v. Gonzales*, 422 F.3d 98, 107-08 (3d Cir. 2005) (quoting *Alleyne v. I.N.S.*, 879 F.2d 1177, 1192 (3d Cir. 1989)); *see also Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d

5

Cir. 2005) (explaining that the failure to raise due process argument before BIA is "fatal to our jurisdiction over" a petition for review).[2]

* * * * *

We deny the petition for review.

---

[2]We also note that Said does not argue that the BIA erred in affirming the IJ's conclusion that his asylum application was time-barred.